### Appeal of JOSEPH GARNEAU CO., INC.                    Docket No. 40.

The Board has jurisdiction over an appeal involving a deficiency in tax determined by the Commissioner subsequent to the passage of the Revenue Act of 1924.

Submitted September 2, 1924; decided November 21, 1924.

*George R. Beneman, Esq.*, for the taxpayer.

*A. Calder Mackay, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before the Board, *en banc*.

This appeal was heard upon a motion of the Commissioner to dismiss the petition for want of jurisdiction.

### FINDINGS OF FACT.

The petition was filed August 21, 1924. It appears therefrom that the taxpayer is a New York corporation with its principal office at 109 Hudson Street, New York, N. Y. On December 27, 1923, the Commissioner notified the taxpayer pursuant to the provisions of section 250 (d) of the Revenue Act of 1921 that deficiencies in income and profits taxes for the years 1918 and 1919 had been discovered in the sums of $5,705.92 and $41,888.76, respectively, and that the taxpayer would be given 30 days in which to appeal in connection therewith.

The taxpayer duly appealed to the Commissioner and the case was by him referred to the Committee on Appeals and Review. Thereafter, on April 2, 1924, the decision of the committee affirming the deficiency in tax as first discovered was submitted to the Commissioner and approved by him, and the taxpayer was notified of such decision on April 4, 1924. On April 18, 1924, the taxpayer requested reconsideration of the case by the Commissioner and the case was taken under advisement and reaffirmed April 25, 1924. On April 29, 1924, further request was made for reconsideration and the case was again taken under advisement. Reconsideration was denied on May 8, 1924. Again on May 10 and May 14, 1924, protest was made against the decision and again the case was taken under advisement. On May 16, 1924, the taxpayer was notified by J. G. Bright, Deputy Commissioner, that the tax as set forth in the letter of December 27, 1923, would be assessed.

It is admitted by counsel for the taxpayer that the deficiency in tax was assessed on May 27, 1924. It is admitted on behalf of the Commissioner that the tax has not been paid.

On June 2, 1924, the Revenue Act of 1924 was passed and became generally effective.

On July 17, 1924, the Commissioner addressed to counsel for the taxpayer a letter reading in full as follows:

Mr. GEORGE R. BENEMAN,
    *Union Trust Building,*
        *Washington, D. C.*

SIR: Reference is made to your letter of May 14, 1924, requesting a reconsideration of the action of the Bureau upon the appeal of The Joseph Garneau Co., Inc., New York, N. Y., from the decision of the Income Tax Unit holding that it is not entitled to claim a deduction from the gross income of the years 1918, 1919, and 1920 for obsolescense of good will.

Your letter and the file in the case have been given very careful consideration. After such consideration the Bureau is of the opinion that the claim for the obsolescense deduction must be denied in accordance with O. D. 818 (4 C. B. 178).

The taxpayer continued to import wines and liquors after the effective date of national probihition and it must be assumed that the contracts which this taxpayer had with foreign exporters of wines and liquors were availed of in the carrying on of the wine business from October, 1920, to the effective date of the Willis-Campbell Act in 1921. The decision of the Bureau communicated to the taxpayer under date of April 4, 1924, is hereby confirmed and the request for a further consideration of the case is denied.

Respectfully,

D. H. BLAIR, *Commissioner.*

DECISION.

The motion of the Commissioner is denied.

OPINION.

JAMES: Whether the Board has jurisdiction of this case depends upon the construction of section 250 of the Revenue Act of 1921, and sections 274, 280, and 283 of the Revenue Act of 1924.

We have already determined in the *Appeal of Everett Knitting Works*, 1 B. T. A. 5, that this Board has no jurisdiction to entertain an appeal in any case in which the deficiency in tax was determined, assessed, and paid prior to the date of the enactment of the Revenue Act of 1924. In so deciding, the Board held:

The Board was created to give the taxpayer a chance to have an open and neutral consideration of his liability for a deficiency before he is required to pay. The harsh rule of payment first and litigation afterwards was sought to be mitigated. ·

The creation of the Board of Tax Appeals by section 900 was, in our opinion, remedial legislation, and the purpose in the mind of Congress in the enactment of that legislation should be made effective wherever possible.

The question in this case is whether the Commissioner determined a deficiency in tax to be due before or after the passage of the Revenue Act of 1924.

Section 274 (a) provides in this respect as follows:

If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 900.

Section 280 reads in full as follows:

If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such act as amended, the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall be computed as if this act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by this title, except as otherwise provided in section 277.

Under the provisions of section 1104, the Act of which the above sections are a part became effective on June 2, 1924, but Title II, of which such sections are also a part, became as provided in section 283 effective on January 1, 1924. If, therefore, subsequent to June 2, 1924, the Commissioner determined that a deficiency was due, jurisdiction of the case is conferred upon the Board. If the Commissioner determined prior to that date that a deficiency was due, jurisdiction is not conferred upon the Board.

The dates to be considered on the record are December 27, 1923, April 4, May 16, May 27, and July 17, 1924. A deficiency in tax was discovered by the Commissioner and the taxpayer notified

thereof under date of December 27, 1923. The Revenue Act of 1921 provided in section 250 (d) that in such cases the Commissioner should notify the taxpayer of the discovery of such deficiency. Thereupon, an appeal to the Commissioner was provided for, if made within 30 days from such notification. The notification of December 27, 1923, was manifestly not a determination of a deficiency by the Commissioner. It was merely notice to the taxpayer to show cause why a deficiency should not be determined.

On April 4, 1924, the taxpayer was notified that the Committee on Appeals and Review had recommended the assessment of the deficiency previously discovered and that the Commissioner had approved that recommendation. On May 16, 1924, the Commissioner notified the taxpayer that the tax as determined in the letter of December 27, 1923, would stand and would be assessed. Standing alone and without the happening of subsequent events, it would appear that such a notification to the taxpayer would constitute a determination by the Commissioner.

Under the provisions of the Revenue Act of 1921, however, all appeals by taxpayers were to the Commissioner. The Committee on Appeals and Review was a body constituted by the Commissioner for the purpose of advising him, but in no sense as a separate body or possessing any statutory authority. The determination of a tax deficiency rested with the Commissioner and with him alone.

Under these circumstances, repeated requests for redeterminations were after April 4, 1924, submitted to the Commissioner and entertained by him, the last of such requests having been made on May 14, 1924. Finally, on July 17, 1924, the Commissioner in unmistakable language determined that the decision theretofore made and which he specifically mentions as "the decision of the Bureau" should be affirmed by him. The Commissioner states, "your letter and the file in the case have been given very careful consideration", and "the request for further consideration of the case is denied". Clearly, the Commissioner up to July 17, 1924, was giving consideration to the case and on that date made his determination.

Our attention is directed by the Commissioner to the importance of the fact that assessment of the tax was made on May 27, 1924, and thus was a determination prior to June 2, 1924. But assessment is an act not communicated to the taxpayer except in the form of a subsequent notice and demand for payment by the collector. The statute clearly differentiates the several steps of determination, assessment, and collection, and requires the Commissioner to notify the taxpayer of his *determination* as the very foundation of his appeal. Moreover, under section 283 all the provisions of section 274 are related back to January 1, 1924, and the assessment in this case was made subsequent to that time. Only *determination* that a tax is due is mentioned in section 280 as relating to the date the Act was passed. *Determinations* made prior to June 2, 1924, under prior revenue acts and completed by assessment prior to January 1, 1924, or closed by payment of the tax, are clearly outside our jurisdiction, but where doubt arises we believe the statute is susceptible to construction as remedial legislation and should be liberally construed to give relief to taxpayers such as the one now before us. Bearing

in mind the similarity of the provisions in section 250 of the Revenue Act of 1921 and section 274 of the Revenue Act of 1924, it would appear that Congress intended that acts done between January 1 and June 2, 1924, under the prior Act, should be treated as having been done under the latter, and specifically made the section in question retroactive for the purpose of permitting the taxpayers whose appeals under the prior acts had not been closed to continue them under the latter act to conclusion before this Board. To hold otherwise would result in denial of appeal in all cases in which assessments had been made under the act of 1921 but not finally determined until subsequent to the passage of the Revenue Act of 1924. Such, we believe, was not the intent of Congress.

The motion is denied and the appeal will be restored to the calendar for further proceedings.