APPEAL OF FLORENCE M. SMITH, EXECUTRIX OF THE ESTATE OF
SARAH F. MASON.

Docket No. 3782. Decided October 27, 1926.

The sole beneficiary for life of the entire income of an estate or
trust, created under a will, is taxable on the basis of such income
as is credited or distributable to her, regardless of the fact that it
was not actually distributed within the taxable year.

*Melvin G. Pallister, Esq.,* for the petitioner.
*John W. Fisher, Esq.,* for the Commissioner.

This appeal is from the determination of deficiencies in income
taxes for the years 1918 to 1921, inclusive, in the amount of $22,396.92,
consisting of proposed additional tax of $14,544.43 for the year 1919
and $1,302.30 for the year 1921, an overassessment of $1,611.29 for
the year 1920, and additional tax of $8,161.48 assessed for the year
1918, a claim for the abatement of which has been denied.

### FINDINGS OF FACT.

The taxpayer is the duly appointed, qualified, and acting executrix
of the last will and testament of Sarah F. Mason, deceased, who died
in February, 1922, a resident of Kings County, New York.

Prior to October, 1917, one Isaac Mason engaged in the business
of operating a furniture store in Brooklyn, N. Y. The greater
part of the sales made by him were on the deferred payment plan,
that is, a part of the purchase price was paid by the buyer in
cash and the remainder was payable over a period of time, the
deferred payments being secured by a chattel mortgage on the furni-
ture sold. The contracts of sale usually provided that the entire
purchase price should be paid in from ten months to two years,
but in some instances payment in full was not made until four or
five years after the sale. Isaac Mason died in October, 1917, leaving
a last will and testament which was duly admitted to probate in
the Surrogate's Court, Kings County, New York. By his last will
and testament Mason left all his household goods and personal effects
and money on deposit in his personal account to his widow, Sarah
F. Mason, absolutely, clear and free of all debts. The remainder of
his estate was disposed of by the fifth item of his last will and testa-
ment, as follows:

Fifth: I give, devise and bequeath all the rest, residue and remainder
of my property, both real and personal, of every name and nature, where-
soever the same may be situated to my Executors and Trustees hereinafter
named, in trust nevertheless to hold, possess, invest and manage the same and
keep the same invested and to pay the income thereof to my wife, Sarah

Frances Mason, for and during the term of her natural life, and upon the death of my said wife, if my sister, Frances M. Crawford, be then living, I give and bequeath to her the sum of Five Thousand Dollars, and I give, devise and bequeath all of the rest, residue and remainder of my estate so held in trust by my said Executors and Trustees to my daughters, Maybelle Cochran and Florence M. Smith, in equal shares, and in the event of the death of either of my daughters before the death of my wife, I give, devise and bequeath to the issue of my said deceased daughter, the share of my estate to which such daughter would have been entitled, if living. Should the net income of my estate payable to my wife as above provided be less than Ten Thousand Dollars in any year, I hereby authorize and direct my Executors and Trustees to pay from that part of the principal of the trust fund held by them not invested in my said business such amount as shall be required to make the payment to my wife for such year the full sum of Ten Thousand Dollars. It is my wish and I do hereby direct that the income payable to my wife under this clause of my will shall be paid her as follows: the sum of Twenty Dollars shall be paid to her each week and the balance of the income secured to her by said will shall be paid her in equal monthly payments.

The two persons named as executors and trustees under the will of Mason were duly qualified as executors thereof by the Surrogate's Court for Kings County, New York. They continued the operation, during the years 1918 to 1921, inclusive, of the furniture business conducted by Mason in his lifetime. The books of the furniture business had been kept by Mason on the accrual basis. The executors continued to keep the books of the business on the accrual basis and credited Sarah F. Mason with the accrued profits in each year, although they were not actually paid to her. The books and records kept by the executors showed the following:

| | 1919 | 1920. | 1921. |
|---|---|---|---|
| Gross sales | $388,340.10 | $340,771.89 | $320,996.39 |
| Cost of sales | 155,915.94 | 170,866.62 | 142,935.96 |
| Gross profit | 232,424.16 | 178,905.27 | 178,060.43 |
| Deductions | 125,157.78 | 141,968.60 | 140,036.28 |
| Net income | 107,266.38 | 36,936.67 | 38,024.15 |
| Paid to Sarah F. Mason from store operations | 45,431.08 | 38,711.30 | 72,881.94 |
| Paid Sarah F. Mason from rents and interest | 4,071.89 | 3,343.00 | 3,654.88 |

In the year 1918 the executors paid Sarah F. Mason $18,979.59 from the operation of the store and $4,819.26 from rents and interests on securities.

Sarah F. Mason, widow of Isaac Mason, kept no records or books of account other than a check book, and she rendered her income-tax returns on the cash receipts and disbursements basis. The Commissioner credited to Sarah F. Mason for the years 1918 to 1921, inclusive, the entire net income of the furniture store business for those years, computed on the accrual basis, and determined that there is a deficiency in tax in the amount of $14,544.43 for the year 1919 and

$1,302.02 for the year 1921, and an overassessment of $1,611.29 for the year 1920. He also, on March 3, 1925, rejected the taxpayer's claim for the abatement of additional tax in the amount of $8,161.48 theretofore assessed for the year 1918. The Commissioner's letter of March 3, 1925, rejecting the claim for abatement is as follows:

Your claim for abatement of $8,161.48 individual income tax assessed for 1918 against the above named estate has been examined.

The claim is based on the statement that income should be reported on the installment basis instead of the accrual basis.

The case was referred to the Solicitor of Internal Revenue and it has been held by that office that the method used of reporting income on the accrual basis is correct and should not be changed to the installment basis.

Article 23, Regulations 45 make it obligatory for the taxpayer to file returns on the basis on which the books are kept. The requirements of the Bureau relative to keeping accounts so as to permit the reporting of income on the installment plan basis are set forth in office decision 623 (C. B. 3, page 105) and Treasury Decision 3082 (C. B. 3, page 107). As the evidence in the case indicates that taxpayer's accounts were not kept in such a manner as to meet these requirements, but were kept on the accrual basis, it is held that the net income should be stated on the accrual basis. Mimeograph 3170 (C. B. III, page 107) covers this case. It states:

"(b) Where the accounts of a taxpayer in prior years have been kept upon the cash basis, or upon the straight accrual basis, amended returns may not be filed for the purpose of reporting the income upon the installment plan. In no event may amended returns be filed on the basis of estimates."

The claim will, therefore, be rejected.

The rejection of the claim will officially appear on the next schedule to be approved by the Commissioner, but payment of the amount rejected should not be made until a bill is received from the Collector of Internal Revenue for your district. and remittance should then be made in accordance with the conditions of his notice.

OPINION.

Marquette: The Commissioner in his answer to the petition herein denies that the Board has jurisdiction to hear and determine the taxpayer's appeal as to the years 1918 to 1920, for the reason "that the Commissioner has not determined that a deficiency in tax is due from the taxpayer for either the years 1918 or 1919."

We think that the Commissioner's position as to the jurisdiction of the Board to determine the taxpayer's tax liability for the year 1920 is well taken. The record herein discloses that no deficiency in tax has been asserted by the Commissioner for that year, but that, on the contrary, he has determined that there is an overassessment. The taxpayer asks that we hear the appeal as to the year 1920 and find that the overassessment should be increased. The situation presented comes squarely within the rule laid down by the Board in *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255, and *Appeal of John F. Cook*, 4 B. T. A. 916, and on the authority of those decisions this appeal, in so far as it relates to the year 1920, is dismissed.

We are, however, of the opinion that the Board has jurisdiction to determine the taxpayer's liability for the year 1918. The evidence herein shows that the Commissioner has, since the enactment of the Revenue Act of 1924, heard and denied the taxpayer's claim for the abatement of additional tax assessed for the year 1918. The record does not disclose when the additional tax was assessed. That, however, we think is of no importance, for even if the tax was assessed prior to the enactment of the Revenue Act of 1924, the Board has jurisdiction to hear an appeal from the Commissioner's determination denying a claim for abatement of such tax, where the determination was made subsequent to the date of said enactment. *Appeal of Joseph Garneau Co.*, 1 B. T. A. 75; *Appeal of Terminal Wine Co.*, 1 B. T. A. 697. The action of the Commissioner as set forth in the letter of March 3, 1925, quoted in the findings of fact herein, was made subsequent to the enactment of the Revenue Act of 1924 and is clearly a final determination of the taxpayer's income tax for the year 1918, from which an appeal lies to this Board.

The taxpayer contends that the estate of Isaac Mason is still in process of settlement and that although by his last will and testament the persons named as executors thereof were also named as trustees, they never qualified as trustees or became such, and that the entire net income of the estate computed on the accrual basis should not be included in the income of Sarah F. Mason, as beneficiary under the last will and testament of Isaac Mason, but only the amounts actually paid her by the executors. They also contend that, while the books of the furniture store were kept on the accrual basis, the sales made by it were on the installment plan; that the books accurately reflect the facts necessary to show the net income of the furniture store, computed on the installment sale basis, and that in any event only the amounts actually paid by the executors to Sarah F. Mason in the years 1918, 1919 and 1921, should be included in her income as having been received by her from the estate of Isaac Mason. The taxpayer has not, however, produced sufficient evidence to enable us to determine the net income of the furniture store computed on the installment sale basis, even if we were to hold that method to be a proper one. Therefore, since it is admitted by the parties hereto that the books were kept on the accrual basis and that the income for the several years involved herein, computed on that basis, is as set forth in the findings of fact, we must conclude that the income so determined and computed was the true income of the estate of Isaac Mason for those years.

The net income of each year was credited to the account of Sarah F. Mason.

The question to be determined, therefore, is whether there should be included in the income of Sarah F. Mason for the years 1918, 1919 and 1921, the entire net income of the estate of Isaac Mason, so computed, or only the portions thereof actually paid to her by the executors in those years.

The years 1918 and 1919 are governed by section 219 of the Revenue Act of 1918, which provides:

Sec. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that there shall also be allowed as a deduction (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid to or permanently set aside for the United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, or any corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; and in cases under paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of each beneficiary's distributive share of such net income, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraph (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the

net income of the estate or trust is computed, then his distributive share of the net income of the estate or trust for any accounting period of such estate or trust ending within the fiscal or calendar year upon the basis of which such beneficiary's net income is computed. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust.

The question in so far as it relates to the year 1921 is governed by section 219 of the Revenue Act of 1921, which is as follows:

Sec. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;    .

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section (214) there shall also be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214. In cases in which there is any income of the class described in paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not, or, if his taxable year is different from

that of the estate or trust, then there shall be included in computing his net income his distributive share of the income of the estate or trust for its taxable year ending within the taxable year of the beneficiary. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits, in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust.

(e) In the case of an estate or trust the income of which consists both of income of the class described in paragraph (4) of subdivision (a) of this section and other income, the net income of the estate or trust shall be computed and a return thereof made by the fiduciary in accordance with subdivision (b) and the tax shall be imposed, and shall be paid by the fiduciary in accordance with subdivision (c), except that there shall be allowed as an additional deduction in computing the net income of the estate or trust that part of its income of the class described in paragraph (4) of subdivision (a) which, pursuant to the instrument or order governing the distribution, is distributable during its taxable year to the beneficiaries. In cases under this subdivision there shall be included, as provided in subdivision (d) of this section, in computing the net income of each beneficiary, that part of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable during the taxable year to such beneficiary.

It may be pointed out that subdivision (c) of both of the sections of law above quoted provides that, in the case of income received by estates of deceased persons during the period of administration or settlement of the estate, the tax shall be imposed upon the net income of the estate and shall be paid by the fiduciary, except that, in determining the net income of such estate, there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary, and in such cases the estate, for the purpose of the normal tax, is to be allowed the same credits as are allowed to single persons under section 216. Subdivision (d) of section 219 of the Act of 1918 provides that, in the case of income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, " the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year." The corresponding subdivision of section 219 of the Revenue Act of 1921 provides that in the cases referred to " the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or

order governing the distribution, is distributable to such beneficiaries, whether distributed or not."

Under the last will and testament of Isaac Mason, Sarah F. Mason was entitled to receive during her lifetime the entire net income of his estate. The net income of the estate was therefore income "to be distributed to the beneficiaries periodically," within the meaning of subdivision (d) of section 219 of the Revenue Act of 1918, and also "the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary," within the meaning of subdivision (d) of section 219 of the Revenue Act of 1921, and under these sections is taxable to the beneficiary and not to the fiduciary. We are of the opinion that the facts of this appeal bring it clearly within the provisions of subdivision (d) of section 219 of the Revenue Act of 1918, and subdivision (d) of section 219 of the Revenue Act of 1921, and that there should be included, in computing the net income of Sarah F. Mason as beneficiary under the last will and testament of Isaac Mason for the years 1918 to 1921, inclusive, the entire net income of the estate or trust for those years, regardless of the fact that it was not actually paid to her.

It is not considered necessary to discuss the question whether the income involved herein is to be treated as income of an estate in course of administration or as income of a trust. If income of an estate during the period of administration, it was deductible by the executors, under subdivision (c) of section 219 of both the Revenue Acts of 1918 and 1921, as income properly paid or credited to the beneficiary, and if income of a trust, it was clearly income which was to be distributed to the beneficiary periodically or which, pursuant to the instrument or order governing the distribution was distributable to such beneficiary. The treatment of the income must therefore be the same in either case, and the result is that the entire net income of the estate or trust is taxable to the beneficiary and not to the fiduciary.

*Judgment will be entered on 15 days' notice, under Rule 50.*