*425 OPINION.
Geeen:
Section 288(f) of the Revenue Act of 1926 provides that:
If any deficiency in any income, war-profits or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, was assessed before June 3, 1924, but was not paid in full before that date, and if the Commissioner after June 2, 1924, but before the enactment of this Act finally determined the amount of the deficiency, and if the person liable for such tax appealed before the enactment of this Act to the Board and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal. * * *
In our opinion the petitioner comes squarely within the above provisions of the 1926 Act. The respondent has assessed against the petitioner a deficiency in income and profits taxes imposed by the *426 Revenue Act of 1918 before June 3,1924; the assessment was not paid before that date; the respondent after June 2, 1924, but before the enactment of the Revenue Act of 1926, finally determined the amount of the deficiency; and the petitioner appealed to the Board before the enactment of the 1926 Act, at which time its appeal was still pending before the Board. Under such facts we know of no reason why the Board does not have jurisdiction of the appeal. The case is covered by the statute.
But the respondent in his brief contends that, “ The provisions of section 283 (f) do not apply for the reason that the Commissioner ‘ finally determined the amount of the deficiency ’ on July 28, 1925, and the taxpayer’s appeal was not filed within sixty days after the registered mailing of the notice of such determination.” In his answer he had alleged that such determination was made at the mailing of the 'first registered letter on March I, 1925. We see no merit in this contention or allegation. If the respondent’s only objection to the application of section 283 (f) of the 1926 Act to the facts of this proceeding is that the petition was not filed within 60 days after the respondent made his final determination of the amount of the deficiency, such objection may be set at rest on the ground that in our opinion his final determination in the instant case was not made until November 20, 1925, the date of the third registered letter. Up to and including the mailing of the second registered letter on July 28, 1925, the respondent had never compared the petitioner with any representative concerns to determine whether the petitioner’s taxes were excessive for the reason that in his judgment the petitioner was not entitled to have its taxes determined under section 328 of the 1918 Act as “no abnormality had been disclosed ” in accordance with section 327 (d).
After July 28, 1925, the respondent made arrangements for a conference with the petitioner. At this conference which was held on September 17, 1925, the petitioner submitted new facts and argument as to why it was entitled to have its taxes determined and assessed under section 328. It also suggested several concerns with which it desired to be compared. The conferee found that “It is very evident that there was a pronounced abnormality ” and recommended “ that the case be reconsidered upon the basis of the comparatives suggested.”
In the letter of November 20,1925, the petitioner was notified that:
After a careful review of your protest and of all the evidence submitted in support of your contentions, you are advised that the Bureau holds that comparatives carefully selected in compliance both with the provisions of section 328 and with the suggestions made by you at a conference held in this office on September 17, 1925 show that your profits tax determined under the provisions of Section 301 is not in excess of the profits tax of representative concerns.
*427 In our opinion the respondent after July 28, 1925, reconsidered his previous actions and made his final determination of the amount of the deficiency on November 20, 1925. The petition was filed on the fifty-ninth day thereafter. See Appeal of Joseph Garneau Co., 1 B. T. A. 75.
The respondent has also argued that, since the claim itself was actually rejected on August 20,1925, and was not in the file that was considered by the Special Assessment Section at and after the conference, it can not be said that the claim was reconsidered. A reconsideration of the tax liability for a given year carries with it, in our opinion, a reconsideration of any previous action taken on any claims filed for such year. The letter of November 20, 1925, specifically states that “After a careful review * * * the conclusions set forth ” in the letter of March 7, 1925, “ are sustained.” The letter of March 7th contained a reference to the proposed rejection of the claim in abatement. The respondent could not have reconsidered his conclusions expressed in the letter of March 7th without reconsidering his decision on the claim.
In Appeal of R. M. Eddy Foundry Co., Docket No. 11447 (not yet decided on the merits), the Commissioner made an additional assessment in March, 1923. On March 31,1925, the petitioner was advised that:
After careful consideration and review and an examination of all the facts submitted, your application under Section 328 of the Revenue Act of 1918 has been denied, for the reason that no abnormality affecting either your capital or income has been disclosed which would bring your case within the scope of paragraph (d) of Section 327. Furthermore, the audit of your case discloses no exceptional hardship evidenced by gross disproportion between the tax computed without benefit of Section 328 and the tax computed by reference to the representative corporations specified in that section.
Under date of December 1, 1925, the Commissioner addressed a letter to the taxpayer referring to a protest dated May 1,1925, which had apparently been filed by the taxpayer against the denial of its application for assessment under the provisions of section 328 of the Revenue Act of 1918, as set forth in the Bureau letter dated March 31,1925. It was stated in that letter that:
After a careful review of your protest and of all the evidence submitted in support of your contentions, also taking into consideration the result of conference held in this office on October 27, 1925, you are advised that the Bureau holds that no abnormality has been disclosed affecting either your capital or income that would bring your case within the scope of Paragraph (d) of Section 327. The comparatives used are representative concerns engaged in a like or similar trade or business to that of your company and meet all the requirements of Section 328 of the Revenue Act of 1918 as near as may be.
Accordingly the conclusions as set forth in the above-mentioned letter are sustained.
*428 The respondent in that case filed a motion to dismiss for lack of jurisdiction. The motion was denied at the hearing with a statement by the Member presiding that:
My opinion is that this letter of December 1st is such a final determination on its face that the taxpayer had the right to appeal from it.
In the instant case we are clearly of the opinion that we have jurisdiction of the appeal filed by the petitioner on January 18, 1926. The attention of both parties is now directed to the Board’s order in this case dated May 2, 1927.
On the jurisdictional issue, judgment will he entered for the petitioner.